# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVID DERRILL BRIGGS,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 17-108-RAW-KEW |
| **JERRY CHRISMAN, Warden,** | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus for failure to exhaust administrative and state judicial remedies. Petitioner, a former state prisoner, challenged the execution of his sentence in Atoka County District Court Case No. CF-2013-11, claiming he had satisfied his two-year sentence and paid his $265.50 fine. He further alleged he was being held in violation of the United States Constitution and requested release from custody.[1]

The petition was filed pursuant to 28 U.S.C. § 2254. Because the petition raised issues concerning the execution of Petitioner's sentence, rather than the validity of his conviction and sentence, the Court construes the petition as arising under 28 U.S.C. § 2241. *See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . .").

Respondent alleges Petitioner failed to exhaust the available administrative and state court remedies for his claim. "A threshold question that must be addressed in every habeas

---

[1] The record shows Petitioner began serving the two-year sentence for Possession of Contraband by Inmate on November 26, 2016 (Dkt. 5-1 at 2). According to the Department of Corrections online offender records at https://okoffender.doc.ok.gov, his sentence was discharged on September 9, 2017. The Court takes judicial notice of the Oklahoma Department of Corrections Offender website. *See Triplet v. Franklin*, 2010 WL 409333, at *6 n.8 (10th Cir. Feb. 5, 2010) (taking judicial notice of the ODOC website pursuant to Fed. R. Evid. 201).

case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). Before bringing a habeas claim alleging he has discharged his sentence, a petitioner first must exhaust both administrative remedies as provided by the Oklahoma Department of Corrections and state judicial remedies. *Dulworth v. Evans*, 442 F.3d 1265, 1268-69 (10th Cir. 2006) (citing *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005); *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004); *Clonce v. Presley*, 640 F.2d 271, 273-74 (10th Cir. 1981)).

Respondent alleges that inmates are provided a method for seeking formal administrative decisions or answers to issues or complaints. The process begins with the submission of a Request to Staff ("RTS"). If the issue is not resolved informally through a RTS, the inmate may submit an Offender Grievance Form within 15 days and attach the RTS. The final step of the grievance process is an appeal to the Administrative Review Authority. (Dkt. 5-2).

According to Respondent, Petitioner did not attempt to utilize the administrative remedy process before filing this action. Petitioner alleges in his response to the motion that "[t]he DOC Offense Grievance Process causes inordinate delays with futile remedies which adds to the irreparable injuries and may be outside their scope to determine constitutional questions which ultimately may have to be decided by the federal court or the Supreme Court of the United States" (Dkt. 6 at 1).

Exhaustion of administrative remedies is not required when it would be futile. *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). The futility exception, however, is quite narrow. *Bun v. Wiley*, 351 Fed. App'x 267, 268, 2009 WL 3437831, at *2 (10th Cir. Oct. 27, 2009) (unpublished). Here, the Court finds Petitioner's unsupported and conclusory assertion of futility does not warrant an exception to the exhaustion requirement.

2

With respect to Petitioner's state judicial remedies, the record shows he filed in his Atoka County criminal case a pleading that was identical to this habeas petition. On February 28, 2017, the Atoka County District Court issued a Court Minute denying relief. (Dkt. 1 at 21). Respondent asserts there is no indication that Petitioner appealed that decision to the Oklahoma Court of Criminal Appeals.

After careful review, the Court finds Petitioner has failed to exhaust the administrative and state court remedies for his habeas claims. Therefore, Respondent's motion to dismiss is GRANTED.

The Court further concludes Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY,** Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 5) is GRANTED, and this action is, in all respects DISMISSED WITHOUT PREJUDICE. Furthermore, Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 12th day of February 2018.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**